**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| JOHNNY THOMAS, | ) | CASE NO. 1:22 CV 1768 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL OFFICER | ) | |
| MICHAEL KOEHLER, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**Introduction**

*Pro se* Plaintiff Johnny Thomas, an Ohio inmate incarcerated in the Richland

Correctional Institution, has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. §

1983 against Correctional Officer Michael Koehler.  (Doc. No. 1.)  Plaintiff seeks damages and

other relief on the basis that Koehler used excessive force against him in violation of his rights

under the Eighth Amendment.  He also alleges state-law claims.  In support of his federal claim,

Plaintiff alleges that:

> On August 28, 2022 while working as a Corr. Officer the defendant Michael
> Koehler in his individual and official capacity did use excessive force on the
> plaintiff Johnny Thomas, grab[b]ing the plaintiff from behind and slammed the
> plaintiff to the floor causing the plaintiff to sustain[] multiple injuries to
> plaintiff's neck, left side of plaintiff's face and back shoulder.

(*Id*. at 3, ¶ IV.)

For the reasons stated below, his action is dismissed.

**Standard of Review**

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Nonetheless, the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  Even *pro se* plaintiffs must satisfy basic pleading requirements, and the liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal district courts are expressly required, under to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to review all *in forma pauperis* complaints and any complaint in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e)(2)(B) and 1915A).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id., citing*

*Twombly,* 550 U.S. at 556.  It is not enough for a plaintiff to allege facts consistent with liability.  Rather, his allegations must be sufficient to "nudge" his claims "across the line from conceivable to plausible" to avoid dismissal.  *Twombly*, 550 U.S. at 570.  "Naked assertions" devoid of "further factual enhancement" are insufficient.  *Iqbal*, 556 U.S. at 678.

## Discussion

Upon review, the Court finds that Plaintiff's complaint must be dismissed for failure to allege a plausible federal civil rights claim.

The Eighth Amendment protects prisoners from the use of excessive force by prison officers.  *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  However, not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny.   "After incarceration, only the 'unnecessary and wanton infliction of pain,' constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The core judicial inquiry in determining whether a use of force violates a prisoner's rights under the Eighth Amendment is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  *See also Gravely v. Madden*, 142 F.3d 345, 349 (6th Cir. 1998) ("In the context of restoring order on prison grounds, the Supreme Court explained that the question of whether the defendant's actions inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") (internal quotation marks and citation omitted).

The Supreme Court has identified a number of factors pertinent in determining whether a use of force is wanton and unnecessary: the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321).

Further, the analysis of the degree of force used must be made in the context of constant admonitions by the Supreme Court that courts must accord deference to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g., Whitley*, 475 U.S. at 321–22.

In his complaint, Plaintiff describes force that Officer Koehler allegedly used against him, but he has alleged no other facts regarding the circumstances of the use of force or the context in which it was used.  Even accepting Plaintiff's allegations that Officer Koehler used the force he describes in his complaint as true and that he sustained injuries, this is insufficient to permit a plausible inference that the force was used against him maliciously and sadistically for the purpose of causing harm in violation of the Eighth Amendment, rather than in good faith for the purpose or maintaining or restoring order.

Plaintiff's unadorned allegations as to force used against him, and conclusory assertion of "excessive force," are insufficient to state a plausible Eighth Amendment claim.  His allegations are insufficient to nudge an Eighth Amendment claim over the line from conceivable to plausible.

## Conclusion

Accordingly, Plaintiff's federal civil rights complaint is dismissed pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A.  This dismissal is without prejudice to any state-law claim

Plaintiff may assert on the alleged facts.  The Court further certifies, pursuant to 28 U.S.C.

§1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

1/4/2023

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE